## Kettyle *v.* Davidson & Silberman, Appellants.

*Real estate—Contracts for repairs—Care of premises—Damages
—Liability of contractor.*

In an action for damages to real estate sustained through the alleged negligence of the defendant, it appeared that the defendant was a contractor who had been given a contract for the repairs to a dwelling house. The plaintiff retained the possession of the building and during the course of repairs the contractor notified him that he had turned off the water in order to safeguard the property in case of freezing weather. Subsequently a subcontract for paper hanging was given, and the paper hanger turned on the water and started a fire in the heating system in order to properly proceed with his work. While this work was in progress the plaintiff called at the house and observed that the water had been turned on and the fire started. Some time afterwards the fire was allowed to go out, and the water pipes in the building were frozen, causing the damages to the premises.

*Held,* that the plaintiff, having had notice that the water had been turned on, was bound to take proper steps to protect his property and binding instructions should have been given for the defendants.

Argued October 7, 1920. Appeal, No. 30, Oct. T., 1920, by defendants, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1917, No. 4176, on verdict for plaintiff in the case of Robert S. Kettyle v. Louis Davidson and Morris Silberman, trading as Davidson & Silber-

man.   Before ORLADY, P. J., PORTER, HENDERSON, TREX-
LER, KELLER and LINN, JJ.   Reversed.

Trespass for damages to real estate.   Before SHOE-
MAKER, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff for $413 and judgment thereon.
Defendants appealed.

*Error assigned,* among others, was the refusal of de-
fendants' motion for judgment non obstante veredicto.

*Edward Hopkinson, Jr.,* and with him *Abraham M.
Beitler,* for appellants.

*Elton J. Buckley,* for appellee.

OPINION BY KELLER, J., December 10, 1920:

The plaintiff on October 15, 1917, purchased from the
defendants a newly built store and dwelling house and
took possession, but did not occupy the premises.   On
November 27th following he made a contract with the
defendants by which they agreed to remove certain par-
titions from the store and dining room, install a new par-
tition between the store and kitchen, make the necessary
changes in the electric wiring and in the location of the
hot water radiators and do the plastering, painting and
paper hanging required by such alterations, for $325.   He
retained his keys to the premises and at all times had
full access to and possession of the building.   Shortly
before this contract was signed the defendants' agent
told the plaintiff he had turned off the water so as to
safeguard the premises in case of freezing weather, and
on testing the spigots, the plaintiff found this to be the
case.

When the changes under the contract had been com-
pleted the defendants contracted with one Feldman to

do the papering required for $15.  He came on December 28th and while at work the plaintiff came in.  Feldman told him he had lighted the fire in the basement and turned on the water—it was a hot water heating system —because the wall was frozen and he could not get the paste to stick without heat.  He complained that even so he could not get heat and asked the plaintiff to go down and see what he could do about it, to which the plaintiff replied, "I know nothing about it."  The plaintiff saw that water was running in the kitchen sink, but left the premises without turning off the water or doing anything to the fire.  He did not return until the following Monday, December 30th, when he found the fire in the heater out, the water pipes frozen and the boiler and radiators burst.

The plaintiff's claim, under the pleadings, was based on the alleged negligence of the defendants' employee in lighting the fire and turning on the water without his knowledge or consent and then permitting the fire to go out without turning off the water.  His own testimony was that he had knowledge that the water had been turned on and the fire lighted before any damage had been done and that he did nothing to protect his property although it was freezing weather and he knew the fire should be maintained or the water turned off and the pipes drained under such conditions.

No duty rested on the defendants to turn off the water in the first instance.  Their doing so was an act of courtesy which did not relieve the plaintiff from the obligation of protecting his own property nor impose upon them the duty of seeing that the precaution thus taken should be continued.  The plaintiff was entitled to notice of any change in this respect, but having such notice he was bound to take measures to protect his property in the absence of any assumption of that duty by the defendants.

The plaintiff recognized this in drawing his statement of claim; the difficulty was that his proof showed he had

the very knowledge which his statement denied he possessed.

The learned trial judge properly ruled that if (as alleged by the defendants), Davidson, on discovering that fire had been made, telephoned the plaintiff that the water had been turned on and the fire in the heater lighted and that he must look after it, there could be no recovery by the plaintiff,—because in such event he would have had notice of the changed conditions and was bound to take proper steps to protect his property, —but he overlooked that the plaintiff admittedly had notice from Feldman and that this duty therefore rested upon him irrespective of whether Davidson had telephoned or not.

The defendants' point for binding instructions should have been affirmed.

With this disposition of the case we are not called upon to consider the assignments which bear upon the questions whether Feldman was an independent contractor or not, or, if not, whether it was for the jury to find if his act in lighting the fire and turning on the water was within the scope of his employment.

The first and second assignments of error are sustained, the judgment is reversed, and the record is remitted to the court below with instructions to enter judgment for the defendants non obstante veredicto.